IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID A. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0565 |
| | § | |
| HOUSTON PILOTS, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

**I.   Redaction of Personal Identifiers**

The parties have filed numerous records that contain the Social Security number and other personal identifiers of the plaintiff. Under the Federal Rules of Civil Procedure, such records should be filed with the personal identifiers redacted. Ths court orders the parties to move to withdraw records that were filed with personal identifiers and to substitute the withdrawn records with a set with personal identifiers redacted. *See* FED. R. CIV. P. 5.2(a).

**II.   The Motion to Remand**

Houston Pilots removed this case from Texas state court on March 1, 2013. (Docket Entry No. 1). Plaintiff David Smith moved to remand on March 29, 2013. (Docket Entry No. 5). Houston Pilots responded. (Docket Entry No. 7). This court heard oral argument on the motion at a hearing on April 23, 2013. As stated on the record at the April 23 hearing, and based on the pleadings, the motion and response, the arguments of counsel, and the relevant law, the motion to remand is denied.

The removal was timely, notwithstanding Smith's discovery responses several month before removal suggesting that he might be able to allege a federal claim. Houston Pilots removed within 30 days

after Smith amended his state-court pleadings to include a federal claim. *See* 28 U.S.C. § 1446(b); *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007) (clarifying that when removal is based on federal-question jurisdiction, "jurisdiction is determined by reference to the well-pleaded complaint" notwithstanding the "other papers" in the litigation); *see also Am. Home Shield of Tex. v. Texas*, 2010 WL 1903594, at *3 (S.D. Tex. May 10, 2010) ("To establish federal question jurisdiction, the other paper must clarify the federal nature of an existing claim, and not relate to a putative claim that has not yet been pled." (quotation omitted)); *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 793 (S.D. Miss. 1999). Smith's motion for leave to amend his petition, although filed well before leave to amend was granted, did not trigger the removal period. If, as here, the state-court petition did not assert a well-pleaded federal claim, receipt of a motion for leave to amend does not trigger the 30-day removal period under § 1446(b). *See, e.g.*, *Trejo v. Holbrook*, 2012 WL 33252, at *2 (N.D. Tex. Jan. 6, 2012).

Houston Pilots did not waive its right to removal. This is not a case where the defendant sought action on the merits in state court after becoming aware that the case was removable. *Cf., e.g.*, *Johnson v. Heublien Inc.*, 227 F.3d 236, 244 (5th Cir. 2000) (holding that defendants waived their right to removal by failing to remove an otherwise removable case and instead filing motions to dismiss and a motion for summary judgment in state court); *Firewheel Surgical Sales, LLC v. Exact Surgical, Inc.*, 2013 WL 139548, at *8 (N.D. Tex. Jan. 11, 2013) ("A defendant can waive the right to remove to federal court if it 'proceed[s] to defend the action in state court or otherwise invoke[s] the processes of that court.' 'The waiver must be clear and indicate a specific, positive intent to proceed in state court.'" (alterations in original) (quoting *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Jacko v. Thorn Ams., Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000))); *McKnight v. Ill. Cent. R.R.*, 967 F. Supp. 182, 186 (E.D. La. 1997) ("The right to remove a case to

federal court may be waived by acts taken in the state court, subsequent to the creation of the right to remove, that indicate the defendant has invoked the jurisdiction." (quotation omitted)). Houston Pilots did move for summary judgment in state court, before Smith amended, but only on the state law claims asserted at the time. Houston Pilots opposed the amendment on limitations grounds, but that was a procedural defense and did not seek the type of adjudication on the merits that would raise a question of waiving the removal right. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) ("A waiver of the right to remove must be clear and unequivocal; the right to remove is not lost by participating in state court proceedings short of seeking an adjudication on the merits."); *see also Furey v. Binder*, 2009 WL 5033969, at *3 n.4 (E.D. Pa. Dec. 22, 2009) ("[A]lthough 'a plaintiff might waive the right to a remand by supplementing a complaint, litigating a summary judgment motion, or engaging in a trial,' it is well-established that "merely engaging in offensive or defensive litigation (such as limited discovery) . . . does not forfeit the right to a remand.'" (quoting *Lapoint v. Mid-Atl. Settlement Servs., Inc.*, 256 F. Supp. 2d 1, 3 (D.D.C. 2003))); *Heafitz v. Interfirst Bank*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) ("[W]aiver will not occur by defensive action in state court").

Because the removal was timely and there is no basis to find waiver, the motion to remand is denied.

SIGNED on April 25, 2013, at Houston, Texas.

                                            _____
                                                    Lee H. Rosenthal
                                               United States District Judge